## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**DAVEION PERRY,**                                    Case No. 1:19 CV 132

      Petitioner,                              Judge Dan Aaron Polster

      v.                                     Magistrate Judge James R. Knepp II

**WARDEN BRACY CHARMAINE,**

      Respondent.                           **REPORT AND RECOMMENDATION**

### INTRODUCTION

*Pro se* Petitioner Daveion Perry ("Petitioner"), a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1). Respondent Warden Charmaine Bracy ("Respondent") filed an Answer (Doc. 8), Petitioner filed a Reply (Doc. 14), and Respondent filed a Sur-Reply (Doc. 15). The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated January 18, 2019). For the reasons discussed below, the undersigned recommends the Petition be DENIED.

### FACTUAL BACKGROUND

For the purposes of habeas corpus review of state court decisions, findings of fact made by a state court are presumed correct and can only be contravened if the habeas petitioner shows, by clear and convincing evidence, erroneous factual findings by the state court. 28 U.S.C. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This presumption of correctness applies to factual findings made by a state

court of appeals based on the state trial court record. *Mitzel*, 267 F.3d at 530. The Ohio Eighth

District Court of Appeals set forth the following facts on direct appeal:

> {¶ 2} On October 21, 2016, Perry was charged in a 15–count indictment resulting from the death of a 15–year-old boy working at a fast-food restaurant in Cleveland Heights, Ohio. The state of Ohio reserved the right to seek the death penalty with the indictment. The incident, which occurred on October 14, 2016, was captured on the restaurant's video surveillance system.

> {¶ 3} The state met with Perry while he was in the custody of the Cleveland Heights Police Department. Perry had retained counsel at the time. The state and Perry, through retained counsel, reached an agreement where the state would "take death off the table for a full, complete confession and acceptance of responsibility [by Perry]." One of the stipulations of the agreement provides that in order to obtain the benefit of the no death penalty indictment, Perry would knowingly, voluntarily, and in compliance with Crim.R. 11 enter a guilty plea to the indictment in full as charged. The state reserved the right, both on the indictment and in the plea contract, to proceed with a reindictment for the death penalty if Perry chose not to fulfill his part of the agreement.

> {¶ 4} Perry was then arraigned on October 26, 2016. Immediately following the arraignment, the trial court held the guilty plea hearing. At the hearing, Perry and the state acknowledged on the record that they entered into a plea contract and explained the terms of the agreement on the record. Both parties stipulated to a case book of evidence and stipulated that the victim's family consented to the plea agreement. In exchange for Perry's guilty plea, the state agreed to not seek the death penalty. The state reserved the right to reindict with the capital specification and use Perry's confession if he changed his mind and chose to plead not guilty. After properly discussing the rights afforded to Perry under Crim.R. 11, the trial court accepted Perry's guilty plea.

> {¶ 5} The matter proceeded to sentencing on October 28, 2016. The court reviewed all of the evidence provided to it. The court found that Perry was fully and continuously represented by counsel, he was informed of his *Miranda* rights, and he knowingly and voluntarily entered into the plea contract. The state presented a power point presentation for the court's consideration, including statements from the victim's family, Perry's criminal history, Perry's written confession, and the basis for the guilty plea. Perry made a statement on his behalf and apologized to the victim's family as well as his family. The trial court sentenced Perry to an aggregate sentence of life in prison without parole to be served consecutive to six years in prison on the firearm specifications.

*State v. Perry*, 2017 WL 3635463, at *1 (Ohio Ct. App.) ("*Perry I*").

Petitioner challenges the state court's factual findings, stating "[n]o where inside of the Plea Agreement between the State of Ohio and Daveion Perry does it stipulate that Perry would knowingly, voluntarily and in compliance with Crim.R. 11 enter a guilty plea to the indictment in full as charged. The State clearly used false information in the record." (Doc. 14, at 2) (citing Ex. 51, Doc. 8-1, at 505-08). Petitioner's contention relates to the language contained in the plea agreement versus the language in the indictment. *See* Ex. 74, Doc. 8-1, at 691-94. Petitioner is correct that the language of the written plea agreement does not state Petitioner will "enter a guilty plea to the indictment in full as charged", 2017 WL 3635463, at *1. *See* Ex. 74, Doc. 8-1, at 691-94. However, at the plea hearing, after describing the events leading up to the plea agreement, the prosecutor summarized as follows:

> [W]e reached an agreement in principle to proceed based on representations by [defense counsel] that it was his client' desire to proceed with the proposed agreement of, we will take death off the table for a full, complete confession and acceptance of responsibility. The contract does stipulate that in order to obtain the benefit of the no death penalty contract that the defendant will knowingly, voluntarily and in compliance with Rule 11 enter admissions of guilt to the indictment in full as charged. And the state has a reservations of rights both on the indictment and in the plea contract that should the defendant choose not to fulfill what was negotiated the state has the full right even today to proceed with a re-indictment for the death penalty. And if the court notices on the indictment that reservation of rights is stated at the bottom of each charge where it would apply.

(Ex. 9, Doc. 8-1, at 59). The trial court then had the following exchange with defense counsel:

| The Court: | Mr. Swanson, has Mr. Thomas laid out accurately and consistent with your experience in this matter? |
| --- | --- |
| [Defense counsel]: | Better than I could have, your Honor. |
| The Court: | And is your client at this time then prepared to proceed with a plea in this matter? |
| [Defense counsel]: | He is, your Honor. |
| The Court: | And it's my understanding that as part of that agreement there is no plea offer other than to plead to the indictment. |

[Defense counsel]:      That is correct.

*Id.* at 59-60. Thus, although the language cited by the state court was not in the written plea agreement itself, it was made clear at the plea hearing. The undersigned addresses these contentions in further detail below as relevant.

**PROCEDURAL HISTORY**

State Court Conviction

On October 18, 2016, Petitioner, his retained counsel, and the assistant prosecuting attorney, signed a document entitled "Agreement Between Daveion Perry and the State of Ohio". (Ex. 74, Doc. 8-1, at 691-94). The agreement required Petitioner "to divulge truthful information about his criminal activity on or about October 14th, 15th and 16th", and stated that in exchange for Petitioner's guilty plea to certain charges, the "State of Ohio agrees not to seek the death penalty . . . in any prosecution for the criminal activity detailed in the statement and further agrees to agree to and recommend an agreed sentence of life without parole". (Ex. 74, Doc. 8-1, at 691, 693

On October 21, 2016, a Cuyahoga County, Ohio grand jury indicted Petitioner on one count of aggravated murder, five counts of aggravated robbery, four counts of kidnapping, two counts of felonious assault, one count of breaking and entering, one count of obstruction of official business, and one count of tampering with evidence. (Ex. 1, Doc. 8-1, at 7-19). Several charges carried firearm specifications, and the aggravated murder charge stated: "The State of Ohio reserves the right to seek a superseding indictment containing the appropriate 2929.04(A) Aggravating Circumstance(s)/Specification(s)." *Id.* at 7. Petitioner's counsel filed a request for discovery (Ex. 3, Doc. 8-1, at 22-25), to which the State responded and provided a bill of particulars (Exs. 4-6, Doc. 8-1, at 26-46).

4

Petitioner was arraigned on October 26, 2016, and through counsel, Petitioner entered a plea of not guilty. (Ex. 2, Doc. 8-1, at 21). The trial court then immediately proceeded to a guilty plea hearing, at which point Petitioner entered a plea of guilty to all charges in the indictment (with three-year firearm specifications). (Ex. 7, Doc. 8-1, at 47); *see also* Ex. 9, Doc. 8-1, at 51-105 (transcript of plea hearing). During the plea hearing, the prosecutor and defense counsel represented to the court that the agreement was that Petitioner plead guilty to the indictment in exchange for the State removing the death penalty from consideration. (Ex. 9, Doc. 8-1, at 55-60). Pursuant to the plea agreement, the trial court imposed the agreed sentence of life in prison without parole, to be served consecutive to six years for the firearm specifications. (Ex. 8, Doc. 8-1, at 49-50). The trial court journalized the sentencing entry on October 28, 2016. *See id.* at 50.

Direct Appeal

On December 29, 2016, Petitioner filed an untimely *pro se* notice of appeal, motion for leave to file delayed appeal, and motion to appoint appellate counsel. (Exs. 10-12, Doc. 8-1, at 106-26). The appellate court granted both motions. (Exs. 13-14, Doc. 8-1, at 127-28).

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Petitioner's appellate counsel filed a motion for leave to withdraw as counsel and a brief. (Ex. 15, Doc. 8-1, at 129-43). Therein, counsel stated he had reviewed the record and found no meritorious issues to appeal. *See id.* Counsel identified three possible claims and explained why he found them non-meritorious:

1. Trial court erred by accepting Perry's guilty plea.

2. The conduct of trial counsel denied appellant his right to the effective assistance of counsel.[1]

---

1. Appellate counsel raised the possibility of a claim for ineffective assistance of counsel due to the short time between Petitioner's arrest and guilty plea, but concluded the record did not show any lack of diligence on the part of trial counsel, and that the prosecutor had provided trial counsel with full discovery pre-plea. (Ex. 15, Doc. 8-1, at 137-39). Further, appellate counsel noted

    3.    The trial court sentenced Perry to a sentence not supported by the record.

*Id.* The state appellate court permitted Petitioner to file a supplemental *pro se* brief. (Ex. 16, Doc. 8-1, at 144). Petitioner raised five assignments of error:

    1.    The municipal court lacked subject-matter of jurisdiction [sic] to adjudicate felony charges and to accept Appellant's plea of guilty.

    2.    The municipal court lacked authority and/or jurisdiction to accept Appellant's plea of guilty, where the criminal complaint containing the charges to which he pleaded guilty was not filed until after the plea was presented to him.

    3.    The trial court erred in accepting a plea of guilty from Appellant based upon an invalid plea agreement entered earlier by Appellant in municipal court.

    4.    The trial court failed to meet all of the requirements of Crim. R. 5 and Crim. R. 11 prior to accepting Appellant's plea of guilty.

    5.    The trial court erred in sentencing Appellant based upon an invalid plea agreement entered in the municipal court.

(Ex. 17, Doc. 8-1, at 145-63). The State did not file a response, and Petitioner filed a motion to proceed to judgment (Ex. 18, Doc. 8-1, at 164-65).

On August 24, 2017, the state appellate court dismissed Petitioner's appeal. (Exs. 19, Doc. 8-1, at 166-75); *Perry I*, 2017 WL 3635463.[2]

Petitioner filed a timely *pro se* notice of appeal to the Ohio Supreme Court. (Ex. 24, Doc. 8-1, at 183-84). In his memorandum in support of jurisdiction, he raised three propositions of law:

    1.    Were Appellant's constitutional due process protections violated when he was compelled to enter into a plea agreement for offenses to which he had not yet even been charged or indicted?

---

Petitioner could not prove prejudice because Petitioner provided a full confession and received the benefit of having the death penalty removed from consideration. *Id.* at 138-40.

2. The court also granted counsel's motion to withdraw (Ex. 20, Doc. 7-1, at 176), and denied Petitioner's motion to proceed to judgment as moot (Ex. 21, Doc. 8-1, at 177). Petitioner filed a *pro se* application for reconsideration (Ex. 22, Doc. 8-1, at 178-81), which the appellate court denied (Ex. 23, Doc. 8-1, at 182).

2.  Did the State and/or trial court breach Appellant's written plea agreement when during the plea hearing Appellant was compelled to plead guilty to more counts than were contained in the written agreement?

3.  Was Appellant's guilty plea valid where the trial court failed to meet all of the requirements of Crim.R. 11 prior to accepting his plea?

(Ex. 25, Doc. 8-1, at 185-99). The State filed a waiver of memorandum in response (Ex. 26, Doc. 8-1, at 208), and on January 31, 2018, the Ohio Supreme Court declined to accept jurisdiction of the appeal (Ex. 27, Doc. 8-1, at 209).

<u>Post-Conviction Motions</u>

*Petition to Vacate or Set Aside Judgment of Conviction or Sentence*

On April 10, 2017, Petitioner filed a Petition to Vacate or Set Aside Judgment of Conviction or Sentence. (Ex. 28, Doc. 8-1, at 210-16). Therein, he raised five claims:

**CLAIM ONE:**  Violation of Fourth Amendment search and seizure.

**Supporting Facts:**  The Cleveland Heights police issued an invalid search warrant, excessive force, unlawful arrest.

**CLAIM TWO:**  The Petitioner's 5th Amendment was violated protection of rights to life, liberty, and property.

**Supporting Facts:**  The Petitioner was induced into signing a plea agreement of life without parole before being indicted under Grand Jury, and before a complaint was ever filed on the case. In Cleveland Heights City Jail.

**CLAIM THREE:**  The Petitioner's 6th Amendment [] right to the assistance of counsel was violated due to ineffective assistance of counsel.

**Supporting Facts:**  The previous lawyer didn't check into the Petitioner's alibi and induced the Petitioner to take a life without parole plea only two days without being under indictment and a complaint being filed on the Petitioner.

**CLAIM FOUR:**  The Petitioner's 8th Amendment excessive bail, fines and punishment forbidden was violated.

| | |
|---|---|
| **Supporting Facts:** | The Petitioner was set on a one million dollar bond requested by prosecutor knowing the petitioner couldn't afford to make bail. |
| **CLAIM FIVE:** | The Petitioner's 14th Amendment a fair trial of due process of law [sic] was violated. |
| **Supporting facts:** | 14th Amendment was violated due to the Petitioner[']s case not being bo[u]nd over to felony court. The plea agreement was signed in a municipal court lacking jurisdiction of subject matter over the case. The Petitioner was sentenced on day of preliminary hearing day October 28, 2016. |

*Id.* (capitalization altered). Petitioner also filed a motion for appointment of counsel and an affidavit of indigency. (Exs. 29-30, Doc. 8-1, at 286-89). The State filed a brief in opposition to Petitioner's motion for appointment of counsel. (Ex. 31, Doc. 8-1, at 290). On May 3, 2017, the trial court ruled it lacked jurisdiction over the petition and motion due to Petitioner's pending appeal, and thus denied both. (Exs. 32-33, Doc. 8-1, at 293-94).

Petitioner timely filed a *pro se* notice of appeal (Ex. 34, Doc. 8-1, at 295) and asserted: "The trial court erred . . . in ruling that the trial court does not have jurisdiction on the petition due to pending appeal in the Eighth District [Court] of Appeals (Ex. 35, Doc. 8-1, at 303-08) (capitalization altered). The State conceded the error (Ex. 26, Doc. 8-1, at 309-11), and on October 26, 2017, the state appellate court reversed and remanded. (Ex. 37, Doc. 8-1, at 313-17); *State v. Perry*, 2017 WL 4861614 (Ohio Ct. App) ("*Perry II*").

Following remand, the State filed a brief in opposition to the petition as well as proposed findings of fact and conclusions of law. (Exs. 38-39, Doc. 8-1, at 318-40). On December 15, 2017, the trial court denied the petition. (Ex. 40, Doc. 8-1, at 342-47). Petitioner did not appeal. *See* Docket, *State v. Perry*, Case No. 16-CR-610816, *available at* https://cpdocket.cp.cuyahogacounty.us/Search.aspx.

*First Motion to Withdraw Guilty Plea*

On June 5, 2017, Petitioner filed a *pro se* motion to withdraw his guilty plea pursuant to Ohio Criminal Rule 32. (Ex. 44, Doc. 8-1, at 383-88). The trial court summarily denied the motion three days later. (Ex. 45, Doc. 8-1, at 430). Petitioner did not appeal. *See* Docket, *State* v. *Perry*, Case No. 16-CR-610816, *available at* https://cpdocket.cp.cuyahogacounty.us/Search.aspx.

*Second and Third Motions to Withdraw Guilty Plea*

On November 9, 2017, Petitioner filed two additional *pro se* motions to withdraw his guilty plea. (Exs. 46-47, Doc. 8-1, at 431-68). The State filed a brief in opposition. (Ex. 48, Doc. 8-1, at 469-75). On December 26, 2017, the trial court denied Petitioner's motions "for all the reasons stated in the court[']s ruling on Defe[]ndant's motion for post-conviction relief, which[] ruling is incorporated herein by reference." (Ex. 49, Doc. 8-1, at 476). Petitioner filed a timely *pro se* notice of appeal of this decision. (Ex. 50, Doc. 8-1, at 477). In his brief, Petitioner raised three assignments of error:

1. A single trial court judge lacked jurisdiction to accept the plea to ag[g]ravated murder and to a felony murder specification because a three-judge panel was essential to jurisdiction and the accused may not waive such a panel.

2. The defendant's due process rights were violated when he was compelled to enter into a plea agreement for offenses to which he had [not] yet been charged.

3. The State breached the plea agreement, when the defendant was compelled to plead guilty to additional counts not contained in the written agreement.

(Ex. 51, Doc. 8-1, at 486-507). The State filed a brief in response. (Ex. 52, Doc. 8-1, at 537-44). On October 11, 2018, the state appellate court affirmed the trial court, finding Petitioner's claims barred by *res judicata*. (Ex. 53, Doc. 8-1, at 546-53); *State v. Perry*, 2018 WL 4929492 (Ohio Ct. App.) ("*Perry III*"). Petitioner timely appealed this decision to the Ohio Supreme Court (Ex. 56, Doc. 8-1, at 558-59) and raised three propositions of law:

9

1. The trial court violated Perry's due process protection under the 14th Amendment to the United States Constitution and Article I, Section 10a of the Ohio Constitution, when the single trial court judge lacked jurisdiction to accept the plea of guilty to aggravated murder and felony murder specification, because a three judge panel was essential to jurisdiction an[d] the accused may not waive such a panel.

2. The Appellant's due process right[]s [were] violated when he was compelled to enter into a plea agreement to offense[]s to which he had yet been charged.

3. The State violated the Appellant's due process when the plea agreement was breached; the Appellant was compelled to plead guilty to additional charges not contained in the written agreement.

(Ex. 57, Doc. 8-1, at 560-74) (capitalization altered). The State did not respond, and on February 6, 2019, the Ohio Supreme Court declined to accept jurisdiction. (Ex. 58, Doc. 8-1, at 583).

*Fourth Motion to Withdraw Guilty Plea*

On August 10, 2018, Petitioner filed a *pro se* "Motion to Vacate Pleas" with the trial court. (Ex. 63, Doc. 8-1, at 610-20). The trial court denied the motion, stating:

As with the Defendant[']s prior motions there is no basis for this request. Defendant was ably and fully represented almost from the moment of his arrest. The murder of the victim is captured on film and there is no defense to the crime. When Defendant asked to file an appeal, one of the most highly accomplished appellate lawyers in the state filed an *Anders* brief explaining there was no basis for an appeal and there were no errors made by the trial court. The appeal was dismissed. Defendant attached the detailed plea agreement to his motion to vacate and the plea agreement removed the death penalty in return for a plea to the crimes and an agreed life sentence without parole.

(Ex. 64, Doc. 8-1, at 621). Petitioner filed a timely *pro se* notice of appeal with the state appellate court. (Ex. 65, Doc. 8-1, at 622-23).[3] He raised a single assignment of error in his brief:

1. Appellant was deprived of the effective assistance of counsel as guaranteed by the United States Constitution in Amendments V, VI and XIV and Article I, Section 10 and 16 of the Ohio Constitution.

---

3. Petitioner also filed a "Motion for Transcripts at State's Expense", which the appellate court denied, but ordered that the transcript of Petitioner's guilty plea hearing filed in his direct appeal also be filed in his collateral appeal. (Ex. 67, Doc. 8-1, at 634).

(Ex. 68, Doc. 8-1, at 635-51). The State filed a response. (Ex. 69, Doc. 8-1, at 659-68). On February 14, 2019, the appellate court affirmed, finding Petitioner's claim barred by *res judicata*. (Ex. 70, Doc. 8-1, at 670-78); *State v. Perry*, 2019 WL 643567 (Ohio Ct. App) ("*Perry IV*"). Subsequent to Respondent filing the Answer in this case, Petitioner filed a notice of appeal and a memorandum in support of jurisdiction with the Ohio Supreme Court. *See State v. Perry*, Case No. 2019-0469 (Ohio S. Ct.), *available at* http://www.supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2019/0469.[4] Petitioner filed a brief, and on June 12, 2019, the Ohio Supreme Court declined to accept jurisdiction. *See id.*

*Motion to Vacate Conviction & Suppress Evidence*

On January 17, 2019, Petitioner filed Motion to Vacate Conviction and Suppress Evidence. (Ex. 71, Doc. 8-1, at 679-88). Therein, Petitioner asserted his Fourth Amendment rights were violated by his alleged warrantless arrest and the lack of a prompt probable cause determination; he argued counsel was ineffective for not raising these issues. *See id.* The trial court denied the motion on February 1, 2019. (Ex. 72, Doc. 8-1, at 689).[5] Subsequent to Respondent filing the Answer in this case, Petitioner filed a notice of appeal and a brief, and the State filed a brief in response. *See State v. Perry*, Case No. CA-19-108258 (Ohio 8th Dist. Ct. App), *available at* https://cpdocket.cp.cuyahogacounty.us/Search.aspx. On September 12, 2019, the appellate court affirmed the trial court's judgment. *See id.*; *State v. Perry*, 2019 WL 4317033 (Ohio Ct. App.)

---

4. This Court may take judicial notice of the proceedings in state court. *See Lyons v. Stovall*, 188 F.3d 327, 333 n.3 (6th Cir. 1999) (holding that federal courts may take judicial notice of proceedings in other courts of record); *see also Milner v. Turner*, 2018 WL 8963463, at *5 (N.D. Ohio) (citing post-Answer online filings from state court in a habeas case), *report and recommendation adopted*, 2019 WL 3574747.
5. On February 21, 2019, the trial court issued an order suspending substantive action in the case "until the time for filing any reviewing motion to the 8th district and/or for filing an appeal to the Ohio Supreme Court has expired." (Ex. 73, Doc. 8-1, at 690).

("*Perry V*"). Petitioner appealed once again to the Ohio Supreme Court, which on January 21, 2020 declined to accept jurisdiction of the appeal. *See State v. Perry*, Case No. 2019-1404 (Ohio S. Ct.), *available at* http://www.supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2019/1404.

### FEDERAL HABEAS CORPUS

In his habeas petition, filed January 13, 2019[6], Petitioner raises five grounds for relief:

**GROUND ONE:** The Petitioner's due process protection under the Fourteenth Amendment of the United States Constitution was violated, when a single trial court judge accepted the petitioner's guilty plea[]s to aggravated murder R.C. 2903.01(B) with the capital murder specification R.C. 2929.04(A).

**Supporting Facts:** The Petitioner's fundamental due process protection was violated when he was compelled to plead guilty in[] front of a single trial court judge who lacked the authority to entertain the Petitioner's guilty plea[]s due to the Petitioner being indicted with a felony murder specification on the face of his aggravated murder indictment. Which is a clear violation of Crim. R. 11(C)(3) and R.C. 2945.06. And a clear violation of the United States Constitutional due process protection.

**GROUND TWO:** The Defendant's due process protection right[s] [were] violated when the prosecutor and trial counsel compelled him to sign a plea agreement to life without parole, without the charges and/or counts being supported by probable cause.

**Supporting Facts:** The Petitioner signed a plea agreement with a felony murder specification pursuant to R.C. 2929.04 only two days after being arrested while still in the custody of the Municipal Court of Clevel[]and Hts, Ohio. The Petitioner signed this plea agreement one day before a criminal complaint was filed and three days before any indictment was returned against the petitioner charging him of any crime. The prosecutor and tr[ia]l counsel violated the Petitioner[']s 5th

---

6. Pursuant to the federal prison mailbox rule, a *pro se* prisoner's pleading "is deemed filed when the inmate gives the document to prison officials to be mailed." *In re: Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)). *See* Doc. 1, at 27 (representing Petition was placed in the prison mailing system on January 13, 2019).

and 14th Amendments [sic] to the United States
Constitution.

**GROUND THREE:** The Petitioner's due process was violated when the State
and/or trial court breached the plea agreement, when the
Petitioner was compelled to plead guilty to additional counts
not contained in the written agreement.

**Supporting Facts:** The Petitioner['s] due process was violated when he was
compelled to plead guilty to counts that are not in the written
plea agreement that was made by the State and the Petitioner.
The Petitioner signed a plea agreement to 12 charges and
was indicted and plead guilty to the 15 charges that was
returned by the grand jury on Oct[o]ber 28, 2016.

**GROUND FOUR:** The trial court counsel violated Perry's due process to
effective assistance of counsel g[u]aranteed by the 6th
Amend. of the U.S.C.

**Supporting Facts:** Trial court counsel advised Perry to sign a plea agreement to
life without parole without proper investigation of the capital
murder case, and without a criminal complaint being filed
and indictment being filed against Perry in the case at all.
And is a clear violation of Perry's 6th and 14th Amendment
to the United States Constitution.

**GROUND FIVE:** The Petitioner's Fourth Amendment of the United States
Constitution was violated, when he was not given a "full and
fair opportunity to litigate" his Fourth Amendment claim
during the trial court proce[e]dings and direct appeal due to
ineffective assistance of counsel.

**Supporting Facts:** The Petitioner['s] Fourth Amendment right to the United
States Constitution was violated in a whole due to the
Petitioner never receiving a judic[i]al determination done
within his case within a 48 hour time period and due to the
fact that both his trial court and appeals atty [sic] never raised
the issue at all.

(Doc. 1, at 9, 12, 14, 16, 18) (capitalization altered)

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "dictates a highly

deferential standard for evaluating state-court rulings which demands that state-court decisions be

13

given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (internal citation and quotation omitted). An application for habeas corpus cannot be granted for a person in custody pursuant to a state conviction unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d). Thus, a court may grant habeas relief if the state court arrives at a conclusion that is contrary to a decision of the Supreme Court on a question of law, or if the state court decides a case differently than did the Supreme Court on a materially indistinguishable set of facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

The appropriate measure of whether a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-11; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000). "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). To obtain "habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

## DISCUSSION

Respondent contends: Grounds One and Two are non-cognizable in part and procedurally defaulted in part, or alternatively meritless; Ground Three is meritless on AEDPA review; Ground Four is procedurally defaulted and alternatively meritless, and Ground Five is procedurally

defaulted and precluded from federal habeas relief pursuant to *Stone v. Powell*, 428 U.S. 465, 494 (1976). For the reasons discussed below, the undersigned recommends the Petition be denied.

Ground One

      In Ground One, Petitioner alleges his due process rights were violated "when a single trial court judge accepted [his] guilty plea[]s to aggravated murder R.C. 2903.01(B) with the capital murder specification R.C. 2929.04." (Doc. 1, at 9). In his supporting facts, he contends the trial judge "lacked the authority to entertain" his guilty plea "due to the petitioner being indicted with a felony murder specification on the face of his aggravated murder indictment, which is a clear violation of Crim.R. 11 (C)(3) and R.C. 2945.06." *Id.* Respondent first argues this ground is non-cognizable and procedurally defaulted. The undersigned agrees and recommends it be denied.

      The statute Petitioner cites – Ohio Revised Code § 2945.06 – provides, in part:

> If the accused is charged with an offense punishable with death, he shall be tried by a court to be composed of three judges, consisting of the judge presiding at the time in the trial of criminal cases and two other judges to be designated by the presiding judge or chief justice of that court, and in case there is neither a presiding judge nor a chief justice, by the chief justice of the supreme court. The judges or a majority of them may decide all questions of fact and law arising upon the trial; however the accused shall not be found guilty or not guilty of any offense unless the judges unanimously find the accused guilty or not guilty. If the accused pleads guilty of aggravated murder, a court composed of three judges shall examine the witnesses, determine whether the accused is guilty of aggravated murder or any other offense, and pronounce sentence accordingly. The court shall follow the procedures contained in sections 2929.03 and 2929.04 of the Revised Code in all cases in which the accused is charged with an offense punishable by death.

Ohio Rev. Code § 2945.06.

      Ohio Criminal Rule 11(C)(3) provides:

> With respect to aggravated murder committed on and after January 1, 1974, the defendant shall plead separately to the charge and to each specification, if any. A plea of guilty or no contest to the charge waives the defendant's right to a jury trial, and before accepting a plea of guilty or no contest the court shall so advise the defendant and determine that the defendant understands the consequences of the plea. If the indictment contains no specification, and a plea of guilty or no contest

to the charge is accepted, the court shall impose the sentence provided by law. If the indictment contains one or more specifications, and a plea of guilty or no contest to the charge is accepted, the court may dismiss the specifications and impose sentence accordingly, in the interests of justice. If the indictment contains one or more specifications that are not dismissed upon acceptance of a plea of guilty or no contest to the charge, or if pleas of guilty or no contest to both the charge and one or more specifications are accepted, a court composed of three judges shall: (a) determine whether the offense was aggravated murder or a lesser offense; and (b) if the offense is determined to have been a lesser offense, impose sentence accordingly; or (c) if the offense is determined to have been aggravated murder, proceed as provided by law to determine the presence or absence of the specified aggravating circumstances and of mitigating circumstances, and impose sentence accordingly.

First, it is unclear that either cited provision applies to Petitioner, as he was never charged with a capital offense. *See, e.g.*, *State v. Reynolds*, 2012 WL 3862125, at *2 (Ohio Ct. App.) ("This matter was never charged as a capital offense. R.C. 2945.06 and Crim.R. 11(C)(3) and therefore not applicable herein, and there was no need for a three-judge panel.").

Second, even assuming *arguendo* the provisions are applicable and were not followed, violations of state law are not cognizable in habeas proceedings. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *see also Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."); *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982) ("We have long recognized that a 'mere error of state law' is not a denial of due process." (citation omitted)). Thus, to the extent Petitioner contends his conviction or sentence violates state law, this does not present a claim for federal habeas relief. Therefore, Ground One can be dismissed as non-cognizable.

Third, Petitioner did not raise his claim as a federal constitutional due process claim to the state courts on direct appeal and it is now procedurally defaulted. *See* Ex. 15, Doc. 8-1, at 129-43

(counsel's *Anders* brief); Ex. 17, Doc. 8-1, at 145-63 (supplemental *pro se* brief). Notably, in his *pro se* brief, when Petitioner argued a violation of Ohio Criminal Rule 11(C)(3), he argued this proposition only as a violation of state law. *See* Ex. 17, Doc. 8-1, at 161 ("This violation of Crim.R. 11(C)(3) renders Perry's plea void."). To seek a writ of habeas corpus in federal court, a petitioner must satisfy the requirements of 28 U.S.C. § 2254, which states: "[a]n application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." Exhaustion requires a petitioner to "fairly present" federal claims "to the state courts, including the state court of appeals and the state supreme court." *Bray v. Andrews*, 640 F.3d 731, 734–35 (6th Cir. 2011); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This is to "[alert] [the state court] to the fact that the prisoner[ ] [is] asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) (internal quotation marks omitted) (citations omitted). Hence, a habeas petitioner must present both the factual and legal underpinnings of his claims to the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Carter v. Mitchell*, 693 F.3d 555, 568 (6th Cir. 2012) ("In order to satisfy this requirement, and avoid a procedural default, the petitioner's federal habeas petition must be based on the same theory presented in state court and cannot be based on a wholly separate or distinct theory."). A claim must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). The purpose of this "fair presentation" requirement is to provide state courts an opportunity to self-correct, thus "expressing respect for our dual judicial system while also furnishing a complete record of a petitioner's federal claim as litigated in the state system". *Hafley v. Sowders*, 902 F.2d 480, 482 (6th Cir. 1990). To determine whether a petitioner has "fairly presented" a claim to the state courts, courts look to the petitioner's:

17

(1) reliance upon federal cases employing constitutional analysis;

(2) reliance upon state cases employing federal constitutional analysis;

(3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or

(4) alleging facts well within the mainstream of constitutional law.

*King v. Berghuis*, 744 F.3d 961, 966 (6th Cir. 2014) (citing *McMeans*, 228 F.3d at 681).

Although Petitioner contends generally that he "did in fact raise his federal constitutional due process claim in his direct appeal to the State Appellate courts" (Doc. 14, at 7), citing the first page of his appellate briefs (Ex. 17, Doc. 8-1, at 145; Ex. 25, Doc. 8-1, at 185) the undersigned has reviewed those briefs and finds Petitioner raised the "single judge" claim now presented in Ground One only as a matter of state, rather than federal constitutional law to the Ohio appellate court. *See* Ex. 17, Doc. 8-1, at 161. Although Petitioner attempted to generally raise this claim as a federal due process claim at the next level to the Ohio Supreme Court, *see* Ex. 25, Doc. 8-1, at 198 ("This violation of Ohio Crim.R. 11(C)(3) should also render Perry's plea void and is a further violation of Perry's due process protections under the Fourteenth Amendment to the United States Constitution[.]"), as discussed below, the claim was already defaulted. *See Eskridge v. Konteh*, 88 F. App'x 831, 838 (6th Cir. 2004) (citing Ohio cases for proposition that if a claim is presented to the Ohio Supreme Court without presentation to the appellate court, the Ohio Supreme Court will not consider it).

Related to exhaustion is the concept of procedural default, which can occur in two ways. *See Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim may be procedurally defaulted if a petitioner "fail[s] to raise a claim in state court and pursue that claim through the state's 'ordinary appellate review procedures.'" *Id.* (quoting *O'Sullivan*, 526 U.S. at 848-47). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the

18

fair presentation requirement. *See O'Sullivan*, 526 U.S. at 845, 848. Additionally, "[i]f, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Williams*, 460 F.3d at 806 (citing *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)).

Hence, if a petitioner has failed to exhaust his state remedies and is barred from raising his claim by state law, his habeas claim is procedurally defaulted. *See O'Sullivan*, 526 U.S. at 848; *Pudelski v. Wilson*, 576 F.3d 595, 605 (6th Cir. 2009). One such bar is the doctrine of *res judicata*. Under Ohio law, *res judicata* bars petitioners from litigating claims that either could have been or were fully litigated at trial or on direct appeal. *Seymour v. Walker*, 224 F.3d 542, 555 (6th Cir. 2000) (citing *State v. Perry*, 10 Ohio St. 2d 175, 180 (1967)).

Second, a petitioner may procedurally default a claim if he fails "to comply with state procedural rules in presenting his claim to the appropriate state court." *Williams*, 460 F.3d at 806. If a petitioner fails to comply with a procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted. *Id.*; *see Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). The Sixth Circuit "has consistently held that Ohio's doctrine of res judicata is an 'adequate and independent' ground justifying default." *Carter v. Mitchell*, 443 F.3d 517, 538 (6th Cir. 2006); *accord Wogenstahl v. Mitchell*, 668 F.3d 307, 341 (6th Cir. 2012).

Thus, finally, Ground One is now procedurally defaulted because there is no mechanism by which Petitioner can bring such a federal constitutional claim in state court after he failed to do so in his direct appeal. *See* Eskridge, 88 F. App'x at 838; Perry, 10 Ohio St. 2d at 180. Indeed, when Petitioner later attempted to present a similar claim to the state courts – in his second and third motions to withdraw his guilty plea (filed together, *see* Exs. 46-47, Doc. 8-1, at 431-61) – the

state appellate court found it barred by *res judicata*. *See* Ex. 49, Doc. 8-1, at 552 ("All of the arguments that Perry raised in his motion to withdraw his guilty plea were raised, considered, and rejected in Perry's direct appeal. The doctrine of res judicata therefore bars any further consideration of these issues.").

Because Ground One is procedurally defaulted, it may only be considered by this Court if Petitioner can show cause and prejudice to overcome the default. *Sutton v. Carpenter*, 745 F.3d 787, 790–91 (6th Cir. 2014) (citing *Coleman v. Thompson*, 501 U.S. 722, 749–50 (1991)). "Habeas petitioners cannot rely on conclusory assertions of cause and prejudice to overcome procedural default; they must present affirmative evidence or argument as to the precise cause and prejudice produced." *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006).[7] To the extent Petitioner seeks to assert ineffective assistance of counsel as cause to overcome default, that claim must first have been presented to and exhausted in the state courts. *Edwards v. Carpenter*, 529 U.S. 446, 451–53 (2000). Here, Petitioner neither presented an ineffective assistance of trial counsel claim on this basis to the state appellate court on direct appeal (*see* Exs. 17, 25, Doc. 8-1, at 145-63, 185-99), nor did he file an Ohio Appellate Rule 26(B) application for reopening asserting ineffective assistance of appellate counsel for failure to raise this claim (and the time to do so has passed), *see* Ohio App. R. 26(B) (requiring application be filed "within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time."). Because

---

7. A procedural default will also be excused if the petitioner demonstrates that not excusing the default "will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Such a claim requires a petitioner "supplement[ ] a constitutional claim with a 'colorable showing of factual innocence.'" *McCleskey v. Zant*, 499 U.S. 467, 495 (1991) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986)). "To be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Petitioner presents no such claim or evidence here. *See* Docs. 1, 14.

either such claim would be procedurally defaulted under Ohio law, such ineffectiveness claims cannot serve as cause to overcome Petitioner's default of Ground One. *See Edwards*, 529 U.S. at 451-53.

Further, even were the Court to consider the merits of Petitioner's claim, he would not succeed. This is so because Petitioner cites no law to support his proposition that a violation of either Ohio Revised Code § 2945.06 or Ohio Criminal Rule 11(C)(3) violates federal constitutional due process requirements. That is, there is no clearly established federal constitutional due process right to a three-judge panel. Thus, the state court decision finding no meritorious issues on appeal and denying Petitioner relief cannot be said to be contrary to, or an unreasonable application of, federal law.

For all of these reasons, the undersigned recommends Ground One be dismissed as non-cognizable, procedurally defaulted, and meritless.

Ground Two

In Ground Two, Petitioner contends his due process rights were "violated when the prosecutor and trial counsel compelled him to sign a plea agreement to life without parole, without the charges and/or counts being supported by probable cause." (Doc, 1, at 12). He asserts constitutional error in that he signed a plea agreement before a criminal complaint or indictment was returned. *See id.* Respondent contends this ground is non-cognizable to the extent it asserts any defect in the state criminal complaint or indictment and otherwise procedurally defaulted because Petitioner did not fairly present this claim as a federal constitutional claim to the state courts. The undersigned agrees with Respondent.

In his *pro se* brief on direct appeal, Petitioner argued a version of this claim. *See* Ex. 17, Doc. 8-1, at 156 ("Here, Perry raises the question of how can a defendant plead guilty to offenses

21

for which he has not yet even been charged."); Ex. 17, Doc. 8-1, at 157 ("[N]o probable cause had yet been established to adjudicate Perry on any of the charges to which he pled guilty[.]"). Although Petitioner generally argued: "[t]his must surely be a violation of Perry's due process protections under the Fourteenth Amendment to the United States Constitution", he otherwise argued the claim solely as a violation of Ohio law – citing state caselaw and arguing his guilty plea was void. *See id.* at 156-57. To the Ohio Supreme Court, Petitioner argued his "constitutional due process protections [were] violated when he was compelled to enter into a plea agreement for offense to which he had not yet even been charged or indicted". (Doc. 25, Doc. 8-1, at 193). He cited the Ohio Constitution, Ohio Criminal Rules, and Ohio caselaw. *See id.* at 193-95.

The Sixth Circuit has explained: "General allegations of the denial of rights to a 'fair trial' and 'due process' do not 'fairly present' claims that specific constitutional rights were violated." *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Blackmon v. Booker*, 394 F.3d 399, 401 (6th Cir. 2004) (asserting a violation of "due process" or right to a "fair trial" insufficient to constitute fair presentment where a petitioner "failed to develop any cogent arguments regarding those rights beyond the naked assertion that they were violated."). This is precisely what Petitioner did here. As such, his federal constitutional claims were not fairly presented to the state court.

Moreover, Ground Two is now procedurally defaulted as there is no mechanism for Petitioner to properly raise such the claim. Indeed, when Petitioner attempted to do so in his later motions to withdraw guilty plea (*see* Ex. 47, Doc. 8-1, at 434-36), the state court found his claim barred by *res judicata*. *Perry III*, 2018 WL 4929492, at *3 ("All of the arguments that Perry raised in his motion to withdraw his plea were raised, considered, and rejected in Perry's direct appeal. The doctrine of res judicata therefore bars any further consideration of these issues."). As set forth above, *res judicata* is an adequate and independent basis on which to preclude federal habeas

22

review. *See Carter*, 443 F.3d at 538. As with Ground One, Petitioner has not established cause and prejudice to overcome this default. He again asserts ineffective assistance of counsel. *See* Doc. 14, at 16 ("Perry can rely on ineffective assistance of counsel due to both the trial court and appellate counsel failing to raise the issue and investigating Perry's case."). But again, for ineffective assistance of counsel to serve as cause for procedural default, that claim must first have been presented to and exhausted in state courts. *Edwards*, 529 U.S. at 451–53. And again, Petitioner did not exhaust such a claim and cannot do so now. Therefore, ineffective assistance of counsel cannot serve as cause to overcome the default of this claim.

Further, to the extent Petitioner argues any defect in the state indictment, such a claim is non-cognizable. *See Estelle*, 502 U.S. at 67-68. This is so because the Fifth Amendment's guarantee of a grand jury indictment in cases of capital crimes has never been incorporated into the Fourteenth Amendment and hence is not applicable to the states. *See Hurtado v. California*, 110 U.S. 516 (1884); *see also Williams v. Haviland*, 467 U.S. 527, 534 (6th Cir. 2006) (citing *Rose v. Mitchell*, 443 U.S. 545, 557 n.7 (1979)). Rather, the Due Process Clause "mandates only that the indictment provide the defendant with 'fair notice of the charges against him to permit adequate preparation of his defense.'" *Williams*, 467 F.3d at 535 (quoting *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984)). Although Petitioner now argues he was "in the dark about what constituted the offense he was pleading to [w]as" (Doc. 14, at 22), as noted above he has not presented clear and convincing evidence (*see* 28 U.S.C. § 2254(e)(1)) to contradict the state court's findings that his plea was knowingly, intelligently, and voluntarily entered. *See Perry I*, 2017 WL 3635463, at *1; *see also* Ex. 9, Doc. 8-1, at 51-105 (plea hearing transcript). This factual finding is entitled to a presumption of correctness. *Garcia v. Johnson*, 991 F.2d 324, 326-27 (6th Cir. 1993). Nor has Petitioner shown the indictment failed to provide him fair notice of the charges. Because "when a

criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense which with he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The transcript here reveals nothing to contradict the state court's finding that Petitioner's plea was knowingly, intelligently, and voluntarily entered with the assistance of counsel. As such, even if it were not defaulted, the undersigned would recommend Ground Two be denied.

Ground Three

In Ground Three, Petitioner contends his due process rights were violated "when the State and/or trial court breached the plea agreement, when the Petitioner was compelled to plead guilty to additional counts not contained in the written agreement." (Doc. 1, at 14). Specifically, he contends that he "signed a plea agreement to 12 charges and was indicted and plead[ed] guilty to the 15 charges that [were] returned by the grand jury on Oct[o]ber 28, 2016." *Id.* (capitalization altered). Respondent contends that this ground was properly exhausted in the state courts, but the state appellate court decision was neither contrary to, nor an unreasonable application of, federal law, and therefore the claim fails on AEDPA merits review. *See* Doc. 8, at 45-53.

On direct appeal, Petitioner argued this claim in his *pro se* brief, asserting a violation of *Santobello v. New York*, 404 U.S. 257 (1971). (Ex. 17, Doc. 8-1, at 159) ("Perry's plea rested upon the agreement that he would only have to plead guilty to the charges brought forth in the municipal court – whether that be the eleven charges in the written agreement or the seven in the municipal complaint."). He again raised this argument to the Ohio Supreme Court. (Ex. 25, Doc. 8-1, at 197). This claim was, thus, properly exhausted with the state courts.

On direct appeal, the state appellate court explained:

24

{¶ 11} Here, we find that there is no meritorious issue to argue. Appellate counsel submitted a brief in support that outlined the details of Perry's plea agreement, the trial court's compliance with Crim.R. 11 during the plea colloquy, the effective assistance Perry received from trial counsel, and the fact that the court imposed an agreed sentence that cannot be appealed pursuant to R.C. 2953.08(D)(1). This court's own independent review indicates that the plea contract with the state provided for Perry to plead guilty in compliance with Crim.R. 11. After a thorough plea colloquy from the trial court, Perry pled guilty. Our review further indicates that trial counsel was effective and the trial court imposed an agreed prison sentence, which included a sentence of life in prison without parole from which Perry cannot appeal.

{¶ 12} In his pro se brief, Perry challenges his plea and argues the Cleveland Heights Municipal Court lacked jurisdiction to accept his guilty plea. As discussed above, our independent review of the record reveals that Perry stated at the plea hearing that he understood the rights he was waiving by pleading guilty and that he understood the effect of his plea. Our further review of the record reveals that Perry's guilty plea was properly entered into in the Cuyahoga County Common Pleas Court on October 26, 2016, not the Cleveland Heights Municipal Court.

{¶ 13} Following our independent review of the entire record, we find that no meritorious argument exists and that an appeal would be wholly frivolous. Appellate counsel's request to withdraw is granted, and the appeal is dismissed.

*Perry I*, 2017 WL 3635463, at *2-3. The state court, thus, did not directly address Petitioner's *Santobello* claim. In *Harrington v. Richter*, the Supreme Court explained that "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." 562 U.S. 86, 99 (2011). Subsequent to *Harrington*, however, the Sixth Circuit stated that "the general principle that we review *de novo* a claim properly presented in a habeas petition, but not addressed on the merits by a state court, is good law." *Werth v. Bell*, 692 F.3d 486, 493 (6th Cir. 2012) (citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003)). The undersigned finds that regardless of whether this claim is subject to deferential AEDPA review under 28 U.S.C. § 2254(d) or *de novo* review, it should be denied.

The Supreme Court has stated that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello*, 404 U.S. at 262. The benefit Petitioner received from the plea agreement in this case was the State's agreement not to seek a capital indictment or the death penalty. *See* Ex. 74, Doc. 8-1, at 693 (plea agreement) ("In consideration for Daveion Perry's truthful statement and agreement to enter pleas of guilty to the charges stated in Paragraph 1, the State of Ohio agrees to not seek the death penalty against Dav[ei]on Perry in any prosecution for the criminal activity detailed in the statement and further agrees to agree to and recommend an agreed sentence of life without parole for the crimes detailed in Paragraph 1."); Ex. 9, Doc. 8-1, at 56-59 (plea transcript). Petitioner is correct that there is a difference between the written plea agreement and the indictment to which he pled guilty. *Compare* Ex. 74, Doc. 8-1, at 691-93 (written plea agreement) *with* Ex. 1, Doc. 8-1, at 7-19 (indictment). The indictment contains three additional charges not listed in the plea agreement – one count of breaking and entering, one count of obstruction of official business, and one count of tampering with evidence; it also contains firearm specifications attached to several charges. *See* Ex. 1, Doc. 8-1, at 7-19.

The undersigned finds, however, that Petitioner has not shown any breach of the plea agreement. The plea agreement shows Petitioner agreed to plead guilty to twelve charges[8] in exchange for the State's agreement not to seek a capital indictment and the death penalty, and an agreed sentence of life without parole. (Ex. 74, Doc. 8-1, at 693) ("In consideration for Daveion Perry's truthful statement and agreement to enter pleas of guilty to the charges stated in Paragraph 1, the State of Ohio agrees to not seek the death penalty against Daveion Perry in any prosecution

---

8. The plea agreement lists eleven charges, however, the eleventh listed charge describes felonious assault against two police officers (*see* Ex. 74, Doc. 8-1, at 693); the indictment simply separates these into two separate charges (*see* Ex. 1, Doc. 8-1, at 17-18).

for the criminal activity detailed in the statement and further agrees to agree to and recommend an agreed sentence of life without parole *for the crimes detailed in Paragraph 1*.") (emphasis added). The State fulfilled, and Petitioner received the benefit of, this bargain; a capital sentence was removed from consideration and he received the agreed sentence of life without parole. *See* Ex. 8, Doc. 8-1, at 49-50. That Petitioner *also* pleaded guilty to attendant firearm specifications as charged in the indictment, and the additional three charges does not show a breach of the plea agreement.

Moreover, the state court found Petitioner's guilty plea to be knowing, voluntary, and intelligent. *See Perry I*, 2017 WL 3635463, at *1. Clearly established federal law regarding the due process requirements of guilty pleas provides that to be valid, a guilty plea must be made knowingly, voluntarily, and intelligently. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). A plea must be made with knowledge of the "relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). Determining whether a plea was made voluntarily requires the Court to evaluate all of the relevant circumstances surrounding the plea. *Caudill v. Jago*, 747 F.2d 1046, 1050 (6th Cir. 1984). The "ultimate question" is if the plea "was in fact voluntarily and intelligent." *Pitts v. United States*, 763 F.2d 197, 200 (6th Cir. 1985). "The factual findings of a state court that the plea was proper generally are accorded a presumption of correctness" unless "the transcript is inadequate to show that a plea was voluntary and intelligent[.]"*Garcia*, 991 F.2d at 326-27; *see also Desmyther v. Bouchard*, 108 F. App'x 364, 366 (6th Cir. 2004) ("[A] federal court reviewing a state court plea bargain may only set aside a guilty plea or plea agreement which fails to satisfy due process . . . . If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.")

Petitioner has not shown the state court determination to be contrary to, or an unreasonable application of, clearly established federal law, or based upon an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). The record reflects that the trial court informed Petitioner of his constitutional rights and the consequences of waiving those rights; the court also described each charge and the maximum possible sentences. *See* Ex. 9, Doc. 8-1, at 61-68 (plea transcript). Following this colloquy, Petitioner entered a guilty plea to each charge. *See id.* at 68-71. Neither Petitioner, nor his counsel, raised any challenge to the difference between the indictment's charges and those listed in the plea agreement. Indeed, Petitioner's counsel expressly acknowledged an agreement that Petitioner would plead guilty to the indictment. *See id.* at 59-60.

For all of the above reasons, the undersigned recommends the Court deny Ground Three.

Grounds Four and Five

In Ground Four, Petitioner asserts ineffective assistance of trial counsel due to counsel's advice that Petitioner plead guilty. (Doc. 1, at 16). In Ground Five, Petitioner asserts a Fourth Amendment violation because he was not provided a "full and fair opportunity to litigate" his Fourth Amendment claims in the state courts "due to ineffective assistance of counsel." *Id.* at 18.

The undersigned previously denied Petitioner's Motion for Stay and Abeyance to exhaust Grounds Four and Five. *See* Doc. 11 (Order). Petitioner's objection (Doc. 12), to which Respondent filed a response (Doc. 13), remains pending. In that Order, the undersigned found a stay not appropriate because Petitioner had not shown these two – then unexhausted – grounds were potentially meritorious so as to justify a stay under *Harris v. Lafler*, 553 F.3d 1028, 1031-32 (6th Cir. 2009). *See* Doc. 11.[9]

---

9. The Order further explained:

In the time between this Court's prior Order and now, these two grounds have been fully exhausted in the state courts, with the Ohio Supreme Court declining to accept jurisdiction over an appeal of each. *See State v. Perry*, Case No. 2019-0469 (Ohio S. Ct.) (docket entry dated June 12, 2019), *available at* http://www.supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2019/0469; *State v. Perry*, Case No. 2019-1404 (Ohio S. Ct.) (docket entry dated January 21, 2020), *available at* http://www.supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2019/1404.  As such, the undersigned addresses these grounds below.

*Ground Four*

In Ground Four, Petitioner asserts his trial counsel was ineffective for advising Petitioner to plead guilty "without proper investigation of the capital murder case, and without an indictment being filed against [him] in the case at all." (Doc. 1, at 16). Respondent contends that this claim is unexhausted, procedurally defaulted, and meritless. (Doc. 8, at 54-59). For the reasons discussed below, the undersigned recommends Ground Four be denied.

Counsel raised a similar claim in his *Anders* brief, noting that the short time between Petitioner's arrest and his plea could potentially raise ineffectiveness concerns. *See* Ex. 15, Doc. 8-1, at 137-40. Petitioner did not, however, further pursue this claim in his appeal to the Ohio Supreme Court. *See* Ex 25, Doc. 8-1, at 185-99. This is a procedural default. *See O'Sullivan*, 528 U.S. at 848; *Williams*, 460 F.3d at 806. And Petitioner cannot rely on ineffective assistance of

---

Ordinarily, district courts dismiss a mixed petition, unless the expiration of the statute of limitations would bar the claims upon the petitioner's return to federal court. *See Kozic v. Sloan*, 2017 WL 6806261, at *5 (N.D. Ohio) (collecting cases). At this time, the Court declines to recommend dismissal of the Petition in its entirety. Once the Reply is filed and this matter is fully ripe, the Court will determine how to proceed in accordance with *Harris* and *Rockwell*, *supra*."

(Doc. 11, at 5-6 n.2).

counsel to overcome this default because he had no right to counsel before the Ohio Supreme Court on direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 394 (1985).

Petitioner further raised this claim in his fourth motion to withdraw his guilty plea. *See* Ex. 63, Doc. 8-1, at 610-20. The trial court denied the claim, stating, *inter alia*, "Defendant was ably and fully represented almost from the moment of his arrest" and "the plea agreement removed the death penalty in return for a plea to the crimes and an agreed life sentence without parole." (Ex. 64, Doc. 8-1, at 621). The state appellate court found the claim procedurally barred:

> {¶8} It is well settled that "[a] trial court lacks jurisdiction to consider a defendant's motion to vacate his guilty pleas under Crim.R. 32.1 after a court of appeals has reviewed and affirmed the defendant's convictions." *State v. Parker*, 8th Dist. Cuyahoga No. 106062, 2018-Ohio-1847, ¶ 7, citing *State ex rel. Special Prosecutors v. Judges, Belmont Cty. Court of Common Pleas*, 55 Ohio St.2d 94, 97-98, 378 N.E.2d 162 (1978); *see also State v. Enyart*, 10th Dist. Franklin No. 17AP-507, 2018-Ohio-1071, ¶ 13-16. The Supreme Court of Ohio has further held that "[r]es judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

> {¶9} Not only is a postsentence motion to withdraw a guilty plea under Crim.R. 32.1 subject to res judicata, but also, the doctrine of res judicata applies to successive postsentence motions to withdraw a plea. *State v. Brown*, 8th Dist. Cuyahoga No. 84322, 2004-Ohio-6421, ¶ 7, citing *Cleveland v. Dailey*, 8th Dist. Cuyahoga No. 84123, 2004-Ohio-5391, ¶ 7. "Thus, a Crim.R. 32.1 motion to withdraw a guilty plea should be denied when it asserts grounds for relief that were or should have been asserted in a previous motion." *State v. Davis*, 8th Dist. Cuyahoga No. 105920, 2017-Ohio-8740, ¶ 6.

> {¶10} Here, appellant's motion to vacate his pleas was filed following the dismissal of his direct appeal and after the denial of his prior postsentence motion to withdraw his pleas pursuant to Crim.R. 32.1. In his motion to vacate his pleas, appellant asserts claims that were or could have been raised on direct appeal and in his previous motion. Thus, even if appellant's motion had been properly before the court, appellant's arguments would fail because of the doctrine of res judicata.

*Perry IV*, 2019 WL 643567, at *2-3 (footnote omitted). The Ohio Supreme Court declined to accept jurisdiction. *See State v. Perry*, Case No. 2019-0469 (Ohio S. Ct.) (docket entry dated June 12, 2019), *available at* http://www.supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2019/0469.

Thus, the last state court to address the claim presented in Ground Four rested its decision on the procedural bar of *res judicata* – finding that Petitioner should have raised his claims either in his direct appeal or in his earlier motion to withdraw. Again, the Sixth Circuit "has consistently held that Ohio's doctrine of *res judicata* is an 'adequate and independent' ground justifying default." *Carter*, 443 F.3d at 538. Thus, this ground is procedurally defaulted. And, again, Petitioner cannot rely on ineffective assistance of appellate counsel as cause to overcome this default as he did not exhaust such a claim in the state courts and the time has passed for him to do so. *See* Ohio App. R. 26(B) (application must be filed "within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.").

Further, even were the Court to reach the merits of this claim, the undersigned would recommend it be denied. This is so because to establish actual prejudice from ineffective assistance of counsel in the guilty plea context, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Lafler v. Cooper*, 566 U.S. 156, 163 (2012). A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). To obtain relief, a petitioner "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). Here, as the trial court explained, "the murder of the victim [was] captured on film and there is no defense to the crime." (Ex. 64, Doc. 8-1, at 621). And Petitioner received the benefit of the bargain he struck: the State

31

agreed not to pursue a capital indictment and a death sentence. *See* Ex. 74, Doc. 8-1, at 693 (plea agreement); Ex. 9, Doc. 8-1, at 56-59 (plea transcript). Thus, even alternatively considering the merits of Petitioner's claim, the undersigned would recommend Ground Four be denied because Petitioner has not shown "that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla*, 559 U.S. at 372.

> *Ground Five*

In Ground Five, Petitioner asserts his Fourth Amendment rights were violated when he was not provided a "full and fair opportunity to litigate" a Fourth Amendment claim during the trial court proceedings. (Doc. 1, at 18). He contends that he "never receiv[ed] a judicial determination . . . within the 48 hour time period and . . . both his trial court and appeals Atty never raised the issue at all." *Id.* Respondent again contends this claim is unexhausted and procedurally defaulted. (Doc. 8, at 59-62). Further, Respondent contends this claim is precluded by *Stone v. Powell*, 428 U.S. 465 (1976). *Id.* at 60-61. For the reasons discussed below, the undersigned recommends the Court find the claim procedurally defaulted.

Petitioner did not raise this claim on direct appeal. *See* Ex. 17, Doc. 8-1, at 145-63; Ex. 25, Doc. 8-1, at 185-99. Rather, Petitioner first raised it in his January 2019 Motion to Vacate Conviction and Suppress Evidence. *See* Ex. 71, Doc. 8-1, at 679-88. Therein, Petitioner asserted a Fourth Amendment violation based on his alleged warrantless arrest and the State's failure to charge him within 48 hours of his arrest. *See id.* On review of the trial court's denial of the motion, the state appellate court found Petitioner's motion procedurally barred: "There is no error. The trial court lacked jurisdiction to consider Perry's motion, which must be treated as a successive petition for postconviction relief under R.C. 2953.23. Perry has exhausted the appellate review of his convictions and already once availed himself of the postconviction-relief statute." *Perry V*,

2019 WL 4317033, at *2. The Ohio Supreme Court declined to accept Petitioner's appeal. *State v. Perry*, Case No. 2019-1404 (Ohio S. Ct.) (docket entry dated January 21, 2020), *available at* http://www.supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2019/1404.

      The last reasoned state court decision to rule on the claim raised in Ground Five thus rested its decision on Ohio's procedural bar against successive post-conviction petitions unless certain requirements are met. *See Perry V*, 2019 WL 4317033, at *2; *see also* Ohio Rev. Code § 2953.23 (providing that a court "may not entertain" a successive post-conviction petition unless the petitioner shows he was "unavoidably prevented from" discovering the facts underlying his claim or the United States Supreme Court recognized a new right applying retroactively to the petitioner *and* that he shows "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense".). The Sixth Circuit has found that a defendant's failure to satisfy Ohio's statutory and procedural rules governing post-conviction review is an independent and adequate ground upon which to preclude review of a federal claim for purposes of finding a federal habeas claim procedurally defaulted. *See, e.g.*, *Davie v. Mitchell*, 547 F.3d 297, 311 (6th Cir. 2009)); *Hill v. Mitchell*, 2006 WL 2807017, at *47 (S.D. Ohio) ("The Court also finds that Ohio's postconviction rules, and specifically the rules imposing a limitations period and those imposing stringent conditions on the filing of untimely and/or successive petitions, are adequate and independent.").

      Thus, this claim is procedurally defaulted and may not be considered unless Petitioner can show cause and prejudice to overcome the default. *Coleman*, 501 U.S. at 749–50. Again, Petitioner has not done so. Although Petitioner cites the ineffectiveness of both trial counsel and appellate counsel for failure to raise this issue, *see* Doc. 1, at 18 ("both his trial court and appeals Atty [sic] never raised the issue at all."), such an ineffectiveness claim can only serve as cause to overcome

a default if it is not, itself, defaulted. *See Edwards*, 529 U.S. at 451–53. And again, Petitioner did not exhaust such a claim and cannot do so now. Therefore, ineffective assistance of counsel cannot serve as cause to overcome the default of this claim.[10]

As such, the undersigned recommends the Court find Ground Five procedurally defaulted.

### CONCLUSION AND RECOMMENDATION

Following review, and for the reasons stated above, the Court recommends the Petition be DENIED.

s/ James R. Knepp II
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

---

10. Moreover, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett*, 411 U.S. at 267. As discussed above, Petitioner's guilty plea satisfied constitutional requirements. As such, he cannot challenge events prior to his plea such as he attempts to do in Ground Five. *See id.*