IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO EASTERN
DIVISION

| | |
|---|---|
| **DAVEION PERRY,** ) | |
| ) | |
| Petitioner, ) | CASE NO: 19-CV-132 |
| ) | |
| v. ) | **Judge Dan Aaron Polster** |
| ) | |
| **WARDEN BRACY CHARMANINE,** ) | **OPINION AND ORDER** |
| ) | |
| Respondent. ) | |
| ) | |

## MEMORANDUM

This case is before the Court upon the Report & Recommendation of Magistrate Judge James R. Knepp II ("R&R")[1]. (**Doc #: 16**.) The Magistrate Judge recommends that the Court deny Petitioner Daveion Perry's habeas corpus petition pursuant to 28 U.S.C. § 2254. (**Doc #: 1**.) Having reviewed the R&R and Petitioner's Objection (**Doc #: 20**), the Court **ADOPTS** the R&R.

### I.  Background

On October 21, 2016, Petitioner was charged in a 15-count indictment resulting from the death of a 15-year old boy working at a fast-food restaurant in Cleveland Heights, Ohio. *See* Doc. #: 1 at 2. The incident occurred on October 14, 2016 and was captured on the restaurant's video surveillance system. *Id*. Pursuant to a plea agreement, after holding a very publicized guilty plea hearing, the trial court sentenced Perry to an aggregate sentence of life in prison without parole to be served consecutive to six years in prison on the firearm specifications. *Id*.

Petitioner sets forth five grounds for relief. The Magistrate Judge has found that Grounds One and Two are not cognizable and procedurally defaulted, Ground Three fails on the merits,

---

[1] The Honorable James R. Knepp II is now a U.S. District Court Judge for the Northern District of Ohio.

Ground Four is procedurally defaulted and fails on the merits, and Ground Five is procedurally defaulted. Petitioner objects to the Magistrate Judge's conclusions with respect to all grounds.

## II. DISCUSSION

In Ground One, Petitioner alleges his due process rights were violated "when a single trial court judge accepted [his] guilty plea[]s to aggravated murder R.C. 2903.01(B) with the capital murder specification R.C. 2929.04." Doc. #: 1 at 9. To support his argument, Petitioner contends the trial judge "lacked the authority to entertain" his guilty plea "due to the petitioner being indicted with a felony murder specification on the face of his aggravated murder indictment, which is a clear violation of Crim. R. 11 (C)(3) and R.C. 2945.06." *Id*. As the Magistrate Judge correctly noted, the statute cited by Petitioner does not appear to apply to him because he was never charged with a capital offense. Furthermore, a habeas petitioner's claim that a state court violated state law is not cognizable in habeas proceedings. *See* R&R at 16 (collecting cases).

In Petitioner's objections to the R&R, Petitioner re-argues that, while he did not rely upon the federal constitution in making this argument on direct appeal, he supported his argument by using state case law that employed the federal constitutional claim. *See* Doc. #: 20 at 2. The Court is unpersuaded. Citing state case law that involves the federal constitution in a motion is not the same as rising a federal constitutional argument in a motion. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Therefore, the Court agrees with the Magistrate Judge that the Petitioner did not raise his claim as a federal constitutional due process claim to the state courts on direct appeal, and it is also procedurally defaulted. *See* R&R at 16.

In Ground Two, Petitioner argues that his due process rights were "violated when the prosecutor and trial counsel compelled him to sign a plea agreement to life without parole, without the charges and/or counts being supported by probable cause." *See* Doc. #: 12. Suffice to say that

2

the transcript for the state's guilty plea hearing reveals nothing to contradict the state court's finding that Petitioner's plea was knowingly, intelligently, and voluntarily entered with the assistance of counsel, and the evidence showed that Petitioner shot the 15-year-old boy prior to demanding money from an employee of the fast-food restaurant. Likewise, the record shows that the trial court informed Petitioner of his constitutional rights; the consequences of waiving those rights; and described each charge and the maximum possible sentences. For reasons stated by the state appeals court and the Magistrate Judge, the Court finds that this objection is meritless.

In Ground Three, Petitioner objects to the R&R because he "did not benefit from the one-sided plea agreement that was entered into on October 18, 2016, then breach by the Cuyahoga County Prosecutors on October 21, 2016." Petitioner argues that the plea agreement should be deemed void and should have no binding effect. The Court finds Petitioner's argument to be meritless. As the Magistrate Judge notes, Petitioner received the benefit of the state not seeking a capital indictment or the death penalty. *See* Ex. 74, Doc. 8-1, at 693 (plea agreement) ("In consideration for Daveion Perry's truthful statement and agreement to enter pleas of guilty to the charges stated in Paragraph 1, the State of Ohio agrees to not seek the death penalty against Dav[ei]on Perry in any prosecution for the criminal activity detailed in the statement and further agrees to agree to and recommend an agreed sentence of life without parole for the crimes detailed in Paragraph 1."). Accordingly, Petitioner's objection is overruled.

In Grounds Four and Five, Petitioner objects to the Magistrate Judge denying Grounds Four and Five because the grounds were not fully exhausted at the time of his filing due to the then-pending state court cases in the Eighth District Court of Appeals and Cuyahoga County Court of Common Pleas. *See* Doc. #: 11 at 1-2. Petitioner contends that both Grounds Four and Five are now exhausted and the Magistrate Judge should have addressed the merits. However, Petitioner is

incorrect. Not only did the Magistrate Judge address the then-pending state court cases in Doc. #: 11 relating to Grounds Four and Five, the Magistrate Judge again addressed Petitioner's failure to exhaust the claims along with the merits on both grounds in his R&R. *See* Doc. #: 16 at 28-33.

As it relates to Ground Four, the Magistrate Judge found that 1) the claim is procedurally defaulted because Petitioner did not further pursue this claim in his appeal to the Ohio Supreme Court; and 2) even considering the merits, Petitioner has not shown "that a decision to reject the plea bargain would have been rational under the circumstances…as the trial court explained, the murder of the victim was captured on film and there is no defense to the crime." *Id*. As it relates to Ground Five, the Magistrate Judge found that, setting aside Petitioner's failure to exhaust, Ground Five is procedurally defaulted and may not be considered unless Petitioner can show cause and prejudice to overcome the default, which Petitioner failed to do. *See id*. Thus, although the Magistrate Judge noted that Petitioner's Grounds Four and Five were, at the time of filing, not exhausted and subject to dismissal for that reason alone, it is clear that the Magistrate Judge proceeded to carefully address the merits. *Id*. For reasons stated by the Magistrate Judge, the Court finds that this objection is meritless and adequately addressed in the R&R.

### III.    CONCLUSION

Based on the foregoing, the Court **OVERRULES** the objections (**Doc #: 20**), **ADOPTS** the thorough and well-written R&R (**Doc #: 16**), and **DISMISSES** the habeas petition (**Doc. #: 1**).

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　 */s/ Dan A. Polster    January 13, 2021*
　　　　　　　　　　　　　　　　　　　　**Dan Aaron Polster**
　　　　　　　　　　　　　　　　　　　　**United States District Judge**